LAW OFFICES OF HUMBERTO DIAZ
HUMBERTO DIAZ (No 157692)
(E-mail: JHDiazLaw@gmail.com)
714 West Olympic Blvd., Suite 610
Los Angeles, CA 90015
Telephone (213) 745-7477
Facsimile (213) 745-7447

Attorneys for Defendant
RICHARD BALLESTEROS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | NO. CR-14-0429--JAK-13 |
|---|---|
| Plaintiff, | DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO REQUEST FOR EARLY TERMINATION OF SUPERVISION [CR 2360] |
| v. | |
| RICHARD BALLESTEROS, | |
| Defendant. | |

Defendant, RICHARD BALLESTEROS, by and through counsel, hereby submits the present Reply to the Government's Opposition to defendant's request for early termination of supervision.

The defense submits the government has presented no real objections to defendant's request.

Respectfully Submitted,

March 7, 2024        By */s/ Humberto Diaz*
                        HUMBERTO DIAZ

# DEFENDANT'S REPLY

The defendant has requested an early termination of supervision based on his post-release conduct and the fact that he has already served most of his supervised release term.  *See* Defendant's *ex-parte*, CR 2360.  The Government, in its opposition to defendant's request, does not contest any of defendant's assertions.  *See* CR 2362.

The statue is clear that the Court, in exercising its discretion, is directed to look at the post-release conduct of defendant.  *See* 18 U.S.C. § 3583(e)(1) (the Court may grant the relief sought that decision "is warranted by the conduct of the defendant").  Instead of looking at the defendant's post-release exemplary conduct, the Government expresses its unhappiness and frustration with the Court's sentencing decision back in 2017 (*See* CR 2362 at 1).

Even though defendant entered an "open" guilty plea to the charges, the Government again complains that did not accept responsibility for his conduct.  *Id.* at 4.  Defendant clearly accepted responsibility for his actions and is doing the best he can to get his life on the right path.

The Government's reliance on defendant old prior criminal history to object to defendant's request is similarly misplaced.  *Id*. at 4-5.  The sentence already imposed by the Court took into consideration defendant's prior criminal history.  The issue at hand is not whether defendant has a lengthy prior criminal history, rather the issue is whether defendant's post-release conduct warrants an early termination of supervision.

This case was filed almost 10 years ago.  The Court is urged to take a look at defendant's post-release conduct in determining whether early termination of supervision is warranted.

Respectfully submitted,

DATED: April 8, 2024            By  /s/ *Humberto Diaz*
                                HUMBERTO DIAZ

2